UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **STEPHEN JERMAINE CREER** | **CIVIL ACTION NO. 07-0326** |
| **VS.** | **SECTION P** |
| **CALDWELL CORRECTIONS CENTER, ET AL.** | **JUDGE JAMES** <br> **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on December 8, 2006,[1] by *pro se* plaintiff Stephen Jermaine Creer. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Richland Parish Detention Center, Rayville, Louisiana; however, he complains of an incident that occurred when he was incarcerated at the Caldwell Corrections Center (CCC), Grayson, Louisiana on October 20, 2006. Plaintiff names CCC's Assistant Warden Chris Fredricks, Lt. Bobby Kelly, Corrections Officer Bobby Mercer and Sergeant W. Davis as defendants and prays for compensatory damages totaling $250,000. (He also demands that disciplinary action be taken against all involved in the incident.)

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

---

[1] Plaintiff filed his complaint in the United States District Court for the Middle District of Louisiana on December 8, 2006; it was transferred to this court on February 15, 2007.

1

*Statement of the Case*

On October 20, 2006, plaintiff was an inmate at CCC. On that day Assistant Warden Chris Fredricks authorized a search of C-dorm where plaintiff was housed. Prior to the search, corrections officers ordered the inmates to unlock all locks to their personal property and exit the premises. Plaintiff and his fellow inmates remained outside of the dormitory for a period of two hours while the "shake-down" search proceeded. Upon his return, plaintiff discovered that "... legal work, mail, court documents, police report, rapsheet, and grandmother's obituary..." were missing. According to plaintiff, these items of personal property have sentimental value and cannot be replaced. Plaintiff claims that his "... Do process is messed up [because] of this actor..." Plaintiff submitted a grievance to prison authorities which alleged that "... stamps, letters, court transcripts, grandmother obituary, police report, big and small towels ..." were confiscated in the shake down. Plaintiff also complained that the search violated LDOC policy and "law" which mandates that an inmate be present when his property is searched. [doc. 1-1, p. 8]

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2

F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). In addition, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint and exhibits provide the specifics of his theory of liability with respect to the defendants.  Plaintiff's complaint alleges that corrections officers conducted an illegal search and unlawfully seized items of personal property.  Accepting all of plaintiff's allegations as true, the undesigned concludes, for the reasons stated hereinafter, that his

complaint is frivolous and should be dismissed.

*2. Search and Seizure*

Plaintiff claims that on October 20, 2006, an "... illegal search was conducted, supervised, and ordered by Assistant Warden Chris Fredricks ..." Plaintiff implies that the search was illegal because he and his fellow inmates were not present when the search was conducted. [doc. 1-1]

A inmate's rights are obviously diminished by the very fact of his incarceration and the needs and exigencies of the prison institution. Inmates, such as the plaintiff, by virtue of their circumstance, lose those rights that are necessarily sacrificed to legitimate penological needs. *United States v. Lilly*, 576 F.2d 1240, 1244 (5th Cir.1978).

Nevertheless, the Fourth Amendment does require that "searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed." *Lilly*, 576 F.2d at 1244. Since the administration's decisions and actions with regard to prison security are entitled to great deference from the courts, the burden of proving reasonableness has been described as a "light burden." *Id.* at 1245.

Furthermore, the Fourth Amendment's application in the prison context has been significantly limited by the Supreme Court in *Hudson v. Palmer*, 468 U.S. 517, 526, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984) which held that prisoners have no justified expectation of privacy in their prison cells. *Hudson*, 468 U.S. at 526, 104 S.Ct. at 3200.

In this claim for relief, plaintiff does not suggest that the search of his cell was unreasonable; nor does he claim that the seizure of his personal property was unreasonable *per se.* Rather, he claims that the defendants' search of his personal property in his absence violated Louisiana Department of Corrections policy and "law." [doc. 1-1, p. 8]

Plaintiff's claim concerning the search of his property is frivolous. In *Hudson v. Palmer*,

4

468 U.S. 517, 529, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) the Supreme Court specifically approved the conduct by prison officials of "wholly random searches" or "routine shakedowns of prison cells" as "essential" to the effective security and administration of prisons. The search was not against the "law." Further, §1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right privilege, or immunity <u>secured by the Constitution and laws of the United States</u>. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. Thus, plaintiff's claim that the search in question violated LDOC policy is not cognizable in this proceeding.

### *3. Parratt/Hudson Doctrine*

Plaintiff's claim concerning the seizure, destruction, and loss of his personal property fares no better. The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, the jurisprudence makes it abundantly clear that a prisoner's claim for random deprivation of personal property is not cognizable under §1983.

In *Parratt v. Taylor*, 451 U.S. 527, 544, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 451 U.S. at 536-37, 101 S.Ct. at 1913. The Due Process Clause does not embrace tort law concepts. *Id.* Although a prisoner may be afforded a remedy under state tort law for deprivation

of property, the Fourteenth Amendment does not afford the prisoner a remedy. *Daniels v. Williams*,474 U.S. 327, 325, 106 S.Ct. 662 at 667, 88 L.Ed.2d 662 (1986).

Even in instances where intentional deprivation occurs, as is apparently the case here, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). This principle (known as the *Parratt/Hudson* doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that a random and unauthorized deprivation occurred when plaintiff's personal property was confiscated by prison officials. If adequate state law remedies are available, no further due process is required under the Constitution.

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. See, La. Civil Code, art. 2315. This provision of state law which is the general tort provision of Louisiana's Civil Code provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).

A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's claim is clearly barred by the *Parratt/Hudson* doctrine. Unless plaintiff can show that

the defendants violated his constitutional rights, plaintiff's claim is not a cognizable claim under §1983.

### *4. Access to the Courts*

Finally, to the extent that plaintiff implies that the seizure of "legal work, mail, court documents, police report, rap sheet..." denied him access to the courts, that claim, too, is frivolous. The right of access to the courts assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996); *Norton v. Dimazana*, 122 F.3d 286, 289 (5th Cir.1997). Assuming for the purposes of this Report that plaintiff has shown that the defendants interfered with his constitutional right to access the courts, in order to prevail, he must also allege facts to establish that he suffered some prejudice as a result of the deprivation. That requirement has long been established by Supreme Court and Fifth Circuit jurisprudence. See *Lewis v. Casey*, 518 U.S. at 350-355, 116 S.Ct. at 2179- 81; *Eason v. Thaler*, 73 F.3d at 1328; *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.1992), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992); and *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988).

Plaintiff has made no such showing, and therefore to the extent that he implies that the defendants' action interfered with his right of access to the courts, that claim must likewise be dismissed as frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted

pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 5th day of April, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE